COURT OF APPEALS
DECISION
DATED AND FILED

November 16, 2023

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.        **2022AP2089**

**STATE OF WISCONSIN**

Cir. Ct. No.  **2016FA159**

**IN COURT OF APPEALS
DISTRICT IV**

IN RE THE SUPPORT AND MAINTENANCE OF C.L.B.:

VICTORIA S. KRZYKOWSKI,

    PETITIONER-APPELLANT,

  V.

MATTHEW BENTIVEGNA,

    RESPONDENT-RESPONDENT.

        APPEAL from an order of the circuit court for Wood County: TODD P. WOLF, Judge. *Affirmed.*

        Before Kloppenburg, P.J., Graham, and Nashold, JJ.

        **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.  Victoria Krzykowski appeals an order modifying physical placement and child support.  The order in question maintained primary placement of the child with respondent Matthew Bentivegna, and reduced Krzykowski's placement schedule to visitation at reasonable times and on reasonable notice.  The order also modified child support accordingly.

¶2     Krzykowski argues that, because this modification order was made less than two years after the court issued an oral custody and placement order in August 2021, a substantial modification of placement was not permitted unless, quoting the statute that she relies on, "the modification is necessary because the current custodial conditions are physically or emotionally harmful to the best interest of the child."  WIS. STAT. § 767.451(1)(a) (2021-22)[1].

¶3     By its own terms, this provision applies only to modifications within two years after "the final judgment determining legal custody or physical placement is entered under [WIS. STAT. §] 767.41."  Here, it is not clear that the August 2021 order was "the final judgment … under [§] 767.41," or whether the final judgment was instead one that the circuit court issued earlier in the case, such as the placement order the court entered on September 5, 2017.  This point is potentially significant; if the two-year period applies only to modification of the first order issued under § 767.41 but not to any subsequent modification orders, then the two-year period would not apply to the court's August 2021 order.  However, on appeal Bentivegna does not dispute that this provision applies here,

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

2

and therefore we proceed on the assumption that it does, without deciding that it does.

¶4    Krzykowski argues that the evidence here was insufficient to show that the current custodial conditions were causing harm to the child. We conclude that it was sufficient.

¶5    The circuit court did not expressly find that the current conditions were harming the child, but such a finding is implicit in its analysis. The court heard evidence that the child, then fifteen years old, was refusing to go to her scheduled visitations with Krzykowski. The guardian ad litem recommended placement be at reasonable times with reasonable notice.

¶6    As part of its decision, the court stated:

> And to say the Court should force her to go there when some of the placements looked like she locked herself in a room and stayed there the whole time, even if I would have a forced situation, that's gonna be the end result. She's gonna go in a room and just sit there and be upset with everyone involved, maybe crying her eyes out and everything else, not being able to do anything.
>
> I have in the past … not all that long ago ordered a younger child to [go to scheduled visitations] and [the child] refused to get out of the car … and I held that child in contempt and had the child actually put in secure detention for a few days here for not following the court order. I'm not going down that road, not with this child at this age.
>
> ….
>
> And me just indicating to law enforcement or someone should [forcibly transport the child to Krzykowski's house] is gonna absolutely accomplish nothing. If anything, it's gonna draw a huger wedge between the parties than … already might exist here.

¶7     We understand this discussion to be a statement by the court that the current placement order, if enforced, was emotionally harmful to the child.  On appeal, Krzykowski does not dispute that the child was refusing to visit her.  Nor does she offer an explanation of how the current placement conditions could have been enforced in a way that would not have been emotionally harmful to the child. Accordingly, we are satisfied that a substantial modification of placement within two years after the August 2021 order was permitted under WIS. STAT. § 767.451(1)(a), because the current conditions were emotionally harmful to the child.

¶8     Krzykowski also argues that the circuit court erred by not timely deciding several motions that she filed seeking enforcement of the visitation order and a finding that Bentivegna was in contempt.  She argues that such motions should have been heard within thirty days of filing, pursuant to WIS. STAT. § 767.471(5)(a).  As relief, she asks that we order the circuit court to hear these motions and to consider awarding additional days of placement to her.

¶9     As we read the record, the circuit court decided these motions at the same hearing that the change in placement was ordered.  The court acknowledged the contempt motions, stated that the court had indicated that it would decide those once it heard evidence on physical placement, and then the court concluded that there had "been absolutely no evidence here today that shows that [Bentivegna] has himself been [in] willful and egregious violation of a court order."  We understand this to be a finding that, in the terms used in WIS. STAT. § 767.471(5)(b), Krzykowski failed to prove that Bentivegna "intentionally and unreasonably denied … or interfered with" her placement.  Without a finding in her favor on that point, no relief on Krzykowski's motions was available,

including an order granting additional periods of physical placement to replace those denied or interfered with.  *See* § 767.471(5)(b)1.a.

¶10 On appeal, Krzykowski does not appear to dispute the conclusion that Bentivegna did not improperly deny or interfere with her placement.  Instead, she argues that she was prejudiced by the circuit court's delay in deciding her motions, and she suggests that the court conditioned a decision on those motions on her payment of guardian ad litem fees.  However, with the conclusion on the motions ultimately not being in Krzykowski's favor, we are unable to see any sense in which this delay itself, regardless of the reason, caused her prejudice.

## CONCLUSION

¶11 For the reasons stated, we affirm.

*By the Court.*—Order affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)5.

5